*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALAN BERGMANN,

        Plaintiff-Appellant,

v

MAESTRO HEALTH and GROUP ASSOCIATES, INC.,

        Defendants-Appellees.

UNPUBLISHED
March 31, 2022

No. 357181
Ingham Circuit Court
LC No. 20-000640-CB

Before: O'BRIEN, P.J., and SHAPIRO and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendants under MCR 2.116(C)(8). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On June 30, 2015, plaintiff and defendant Group Associates, Inc. (Group Associates) executed an employment agreement (the agreement) by which plaintiff retained his employment as Group Associate's Business Development Director following its acquisition by defendant Maestro Health. Relevant to this appeal, section 2 of the agreement (entitled "Term") provided for a three-year initial term of employment expiring on the third anniversary of the effective date of the agreement. It also provided for annual one-year automatic renewals, unless either party provided the other with a 30-calendar-day written notice of an intention not to extend the term of the agreement. Like the initial term of employment, any such renewal was expressly "subject to earlier termination . . . under Section 5" of the agreement. The parties do not dispute that the effective date of the agreement was June 30, 2015, and that after the close of the initial three-year term of the agreement (on June 30, 2018), it automatically renewed for additional one-year terms ending on June 30, 2019 and June 30, 2020.

Section 5 of the agreement, entitled "Termination," provided for compensation in the form of a severance payment in the event plaintiff was terminated without cause during the term of the agreement. The provision stated in relevant part that "[i]f the Executive [Plaintiff] is terminated

by the Company without Cause during the Term, then the Executive shall be entitled to receive" specified additional compensation as a severance payment.

In November 2020, plaintiff filed a complaint alleging a single breach-of-contract claim. The complaint asserted that "[d]efendant unilaterally decided and informed plaintiff he would not be paid/and [sic] or employed by defendants after June 30, 2020" and that plaintiff had "not been paid what is owed him." Plaintiff attached a copy of the agreement to his complaint, as well as an affidavit in which he stated that in late 2019, Maestro Health appointed a new CEO and "began the wholesale firing of employees," and that in January 2020, plaintiff's supervisor informed him that he, too, was being fired and that his termination was "without cause." Plaintiff further stated that defendants later "augmented" that statement "to include that [his] employment contract was not being renewed."

In lieu of an answer, defendants moved for summary disposition under MCR 2,116(C)(8), arguing that plaintiff had failed to state a claim upon which relief could be granted because the unambiguous language of the agreement indicated that defendants had not terminated plaintiff without cause, but rather had chosen not to renew the agreement for another year. The trial court agreed and granted the motion, dismissing plaintiff's complaint without prejudice. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's ruling on a motion for summary disposition, *Pugno v Blue Harvest Farms LLC*, 326 Mich App 1, 11; 930 NW2d 393 (2018), and issues involving contract interpretation, *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 47; 664 NW2d 776 (2003). Summary disposition under MCR 2.116(C)(8) is appropriate when "[t]he opposing party has failed to state a claim on which relief can be granted." Such a motion "may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). When deciding a (C)(8) motion, the "trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id*. A party may not use documentary evidence such as affidavits or depositions to support a motion for summary disposition under MCR 2.116(C)(8). *Bodnar v St John Providence, Inc*, 327 Mich App 203, 212; 933 NW2d 363 (2019). "However, when an action is premised on a written contract, the contract generally must be attached to the complaint and thus becomes part of the pleadings." *Id*.

## III. ANALYSIS

Plaintiff argues that the trial court erred by granting defendants' motion for summary disposition under MCR 2.116(C)(8) because the complaint stated a valid cause of action for breach of contract, i.e., that plaintiff was terminated without cause during the term of the agreement, and that he was therefore entitled to a severance payment. We disagree.

To assert a breach-of-contract claim, a party must establish by a preponderance of the evidence that (1) there was a contract, (2) the other party breached that contract, and (3) the other party's breach resulted in an injury to the party claiming a breach. *El-Khalil*, 504 Mich at 164. When interpreting a contract, this Court must determine the intent of the parties, *Barshaw v*

*Allegheny Performance Plastics, LLC*, 334 Mich App 741, 748; ___ NW2d ___ (2020), which is "discerned from the contractual language as a whole according to its plain and ordinary meaning," *Bodnar*, 327 Mich App at 220. "If the language of the contract is unambiguous, we construe and enforce the contract as written." *Barshaw*, 334 Mich App at 748 (quotation marks and citation omitted). In addition, if a contractual term is unambiguous, extrinsic evidence of contractual negotiations or other contemporaneous agreements that contradict or vary the terms of the written contract are not admissible. *UAW-GM Human Res Ctr v KSL Recreation Corp*, 228 Mich App 486, 492; 579 NW2d 411 (1998). "A contract is ambiguous only when two provisions irreconcilably conflict with each other or when [a term] is equally susceptible to more than a single meaning." *Bodnar*, 327 Mich App at 220 (quotation marks and citation omitted).

We agree with the trial court that the terms of the agreement and the contents of the complaint do not support a breach of contract claim. The agreement clearly and unambiguously distinguishes between a nonrenewal under section 2 and termination without cause under section 5. A plain reading of section 2 demonstrates that the parties intended for the agreement to end either at the expiration of the initial term—a three-year period after the contract was signed—or at the end of the automatically renewing successive one-year renewal term(s) if either party provided at least 30 calendar days' written notice of an intention not to extend the term. Plaintiff's complaint and affidavit both clearly state that plaintiff was informed by defendants that he would not be employed after June 30, 2020.[1]

Although plaintiff argues that section 5(c), not section 2, applies to the cessation of his employment, that argument is not supported by either the facts as alleged or the plain language of the agreement. Section 2 states that plaintiff's employment is "[s]ubject to earlier termination as provided in Section 5." Section 5(c) plainly states that it is applicable only if plaintiff's employment is terminated *during his term of employment* without cause. Plaintiff's complaint stated, "Defendants unilaterally decided and informed plaintiff he would not be paid/and or employed by defendants after June 30, 2020." Further, plaintiff admitted that he continued to work and was paid through the end of the contractual term. Therefore, taking the facts alleged in plaintiff's complaint as true, *El-Khalil*, 504 Mich at 160, plaintiff's employment was not terminated during the term of the contract; plaintiff was merely informed during the term of the contract that the contract would not be renewed. Accordingly, section 5(c) was not applicable and defendants had no obligation to pay plaintiff severance. For these reasons, plaintiff's complaint did not state a claim for breach of contract and the trial court did not err by granting defendants' motion for summary disposition under MCR 2.116(C)(8).

---

[1] Although the complaint does not specifically state that plaintiff received *timely written* notice, plaintiff does not argue otherwise, and in fact states in his affidavit that he was informed of defendants' decision in January 2020. Defendants attached to their motion for summary disposition a copy of a February 20, 2020 letter to plaintiff providing written "Notice of Intention Not to Extend Term of Employment Agreement."

Plaintiff additionally argues that parol evidence demonstrates that defendants fired[2] him before he received his nonrenewal notice, and that when the contract was negotiated, the parties intended for plaintiff to receive a severance payment if he was terminated. However, such extrinsic evidence may be considered only when a contract's terms are ambiguous. *UAW-GM Human Res Ctr*, 228 Mich App at 492. Because the terms of the agreement are unambiguous, the trial court properly did not consider that extrinsic evidence. *Id.*

Affirmed.

/s/ Colleen A. O'Brien
/s/ Mark T. Boonstra

---

[2] It matters not whether defendants may have initially used that terminology when describing the intended cessation of plaintiff's employment; it is undisputed that plaintiff's employment in fact continued through the contractual term.